### Mrs. H. Holland vs. J. E. McGuire, Sheriff, et al.

Gunby, J. Where the judgment debtor enjoins an execution, the amount of the judgment enjoined determines the appellate jurisdiction, and damages claimed cannot be superadded to give jurisdiction, 30 An. 427; 33 An. 1005, 1070, 1071, 1085, 1089, 1096. By a parity of reasoning, it inevitably results that, in cases where

a third party enjoins, the value of the property in dispute cannot be augmented by the damages claimed in determining appellate jurisdiction.

2. The Supreme Court have more than once emphatically declared that claims for damages for injury to the credit and reputation of a public merchant resulting from a seizure are purely fictitious. 33 An. 1007. Even if they are not fictitious in all cases, they are punitive in character and, like damages for false imprisonment or for malicious prosecution, can only be claimed after the main action has terminated. 33 An. 1032.

3. "Jurisdiction is the most vital attribute of a Court." Anything done by us beyond the scope of our jurisdiction, *rationæ materiæ*, would be absolutely null and void, and we must dismiss the appeal, although the damages claimed and the value of the property added together far exceed the minimum of our jurisdiction. We do not wish to be understood as holding that where actual damages are specifically and particularly set forth and claimed, with apparent reason and sincerity, in a case similar to this, we will not entertain the appeal. It is practically impossible for us to announce any definite rule for the guidance of litigants as to the appealability of such cases—each appeal will be tested by the pleadings, facts and circumstances of the case, and with reference to the language of the Constitution.